UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DENERICK NELSON, JR., | No. 2:24-cv-0758 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| PATRICK COVELLO, Warden, | |
| Respondent. | |

     Petitioner, a state prisoner proceeding pro se, filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On December 23, 2024, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. ECF No. 22. Petitioner filed objections to the findings and recommendations. ECF No. 23.

     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. The court writes separately here only to explain why petitioner's objections are unpersuasive.

1 As the Magistrate Judge correctly explained in her findings and recommendations, petitioner's claims are all "predicated on a common core of fact: that [the victim of the assault] had stated during [an interview with law enforcement] that the incident might have occurred in May 2018, but that petitioner was incarcerated at the time." F&Rs at 6–7. The victim later testified that she had been mistaken; the assault had occurred earlier, at a time when petitioner was not incarcerated. *See id.* at 3. This change "was undisputed and was thoroughly explored at [petitioner's] trial." *Id.* at 7. For example, as the Court of Appeal noted in its opinion on direct appeal, the jury heard a detective testify "that based on his training and experience, it was common for victims to remember what happened but not the exact date of the incident." *Id.* at 3. In the end, the jury ultimately found petitioner guilty despite the inconsistency. *Id.* at 4. As the Magistrate Judge correctly and persuasively explains in the balance of her findings and recommendations, the state courts' repeated rejections of petitioner's various arguments about his victim's inconsistent statements were not contrary to clearly established federal law, did not involve an unreasonably application of clearly established federal law, and were not based on an unreasonable determination of the facts, so petitioner is not entitled to relief in this court.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 22) are adopted in full;

2. The petition for writ of habeas corpus is denied;

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. The Clerk of the Court is directed to close this case.

DATED: February 7, 2025.

UNITED STATES DISTRICT JUDGE